UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LISA COLOMBE; VESTA CARLSON; KAKTIS CARLSON,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 5:24-CV-05069-ECS<br><br>ORDER DENYING UNITED STATES' MOTION TO RECONSIDER DENIAL OF UNITED STATES' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) |

As alleged in Plaintiffs' Complaint, on July 19, 2020, an unknown intruder stabbed minor Kaktis Carlson in the eye, face, and head at Plaintiffs' residence at the St. Francis Indian School teacher housing campus. Doc. 1 ¶¶ 9, 14–15. This was one of a series of break-ins that Plaintiffs attribute to lax security, nonrespondent school maintenance staff, and deficient tribal police investigation. Id. ¶¶ 9–14. Plaintiffs brought this action seeking money damages under the Federal Tort Claims Act. Cf. id. ¶ 5; see id. at 11 ¶¶ 1–2. Defendant United States of America ("Government") moved to dismiss for either lack of subject matter jurisdiction or failure to state a claim, which the Court denied. Docs. 7, 24. The Government now moves the Court to reconsider its jurisdiction. Doc. 28.

I.  **Background**

The Federal Tort Claims Act ("FTCA" or the "Act") deprives federal courts of jurisdiction to adjudicate a tort action against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally

denied by the agency in writing and sent by certified or registered mail." Pub. L. No. 89-506, 80 Stat. 306 (1966) (codified at 28 U.S.C. § 2675(a)). The Act does not define what presentment of the claim entails, but "the Attorney General promulgated 28 C.F.R. § 14.2(a) to define the presentment requirement." Mader v. United States, 654 F.3d 794, 798 (8th Cir. 2011) (en banc). When a person brings a claim on behalf of another, that regulation requires submission of "evidence of [the third party's] authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative." Id. (quoting 28 C.F.R. § 14.2(a)). In the Eighth Circuit, failure to present this evidence of authority deprives a court of jurisdiction to entertain suit. Id. at 803, 808.

Evidence of such authority is vital for determining the claim's viability—because the United States is only liable "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §§ 1346(b)(1), 2672; Mader, 654 F.3d at 800–803. "[L]aw of the place where the act or omission occurred" means the "applicable state law." Mader, 654 F.3d at 797, 801 (citations omitted).

Also pertinent to this matter is the statute of limitations for federal tort claims. Under 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."

Plaintiff Lisa Colombe signed the Government's standard claim form—Standard Form 95—on behalf of her minor son, Kaktis Carlson, for the injuries he sustained on July 19, 2020. Doc. 1 ¶¶ 4, 8–27; Doc. 1-1 at 4, 12–18. The box in which she signed, box 13a, is designated "SIGNATURE OF CLAIMANT (See Instructions on reverse side)." Doc. 1-1 at 12. As pertinent here, the Instructions panel states:

2

> The Claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

Id. at 13.

A different box on the form, box 2, is designated "Name, address of claimant, and claimant's personal representative if any." Id. at 12. This box also directs the claimant's attention to the Instructions panel. In box 2 of the form in question, Kaktis Carlson's name was entered as "Claimant" and counsel Robin L. Zephier as "Representative." Id.

In a letter dated September 6, 2022, the Department of Interior rejected Kaktis' claim "because it [was] not accompanied by any evidence that Lisa Colombe [had] authority to bring the claim on behalf of Kaktis." Doc. 9-1 at 1. In a letter dated October 14, 2022, Attorney Zephier responded with "an authentic copy of [his] original representation agreement," as well as an order from the South Dakota Sixth Judicial Circuit, dated September 27, 2022, appointing Lisa Colombe as guardian ad litem of Kaktis. Doc. 9-2 at 1, 9–12.

In a letter electronically signed on March 20, 2023, Interior denied Kaktis' claim because it could not "determine the United States [was] liable under the FTCA or South Dakota law." Doc 1-3 at 15–16. Kaktis moved for reconsideration and was again denied in a letter electronically signed on March 1, 2024. Id. at 1–2.

Plaintiffs brought this action on September 3, 2024, and the Government moved, *inter alia*, to dismiss Kaktis' claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3). Docs. 1, 7, 8. The Government argued that Colombe initially did not "present" Kaktis' claim because she did not attach the requisite evidence of her

3

authority to sign a claim on Kaktis' behalf and by the time that defect was cured, the statute of limitations for bringing the claim had passed. Doc. 8 at 6–10.

Plaintiffs argued that counsel "timely transmitted the three Plaintiffs' SF 95 forms under his letterhead and included" evidence of his representation, including "clear, unambiguous statements" that counsel represented the three claimants and the associated fee agreement, thus satisfying presentment concerns. Doc. 16 at 20, 23. They argued that while the FTCA requires attorneys, as representatives of claimants, to "comply with the evidence of authority requirement," no Eighth Circuit precedent gives "specific examples of what an attorney must do to prove their authority to file an administrative claim for a client." Id. at 23 (quoting Sleighter v. United States, No. 5:24-CV-05014-RAL, 2025 WL 238880, at *4 (D.S.D. Jan. 17, 2025)).

In Sleighter, the court analyzed case law to determine what proof is sufficient and concluded that "an attorney must make some minimal showing that they are in fact acting as an attorney for the claimant." 2025 WL 238880, at *5. The court noted that "like most jurisdictions, South Dakota law has long presumed that an attorney appearing on behalf of a client is authorized to do so." Id.

In its reply brief, the Government distinguished Sleighter on the grounds that it was Colombe, not counsel, that signed Kaktis' SF 95 form. Doc. 23 at 5–7.

In denying the Government's motion to dismiss, the Court held that Kaktis' counsel made the minimal showing necessary to indicate his authority to represent Kaktis. Colombe v. United States, No. 4:24-CV-5069-LLP, 2025 WL 2166908, at *4–5 (D.S.D. July 30, 2025). In doing so, the Court noted that "[a]s in Sleighter, [counsel's] mailing included the required SF 95 forms, a cover letter on firm letterhead indicating that he was submitting the FTCA claims on behalf of his clients Lisa Colombe, Vesta Carlson, and Kaktis Carlson, and additionally included his fee

4

and retainer agreements with the three Plaintiff[s] which were all executed prior to filing the administrative claims." Id. at *5. The Court held that the fact Colombe signed Kaktis' form did not alter the analysis, because counsel, not Colombe, was listed as personal representative in Box 2. Id. The Court also noted the Government's recognition of counsel as representative by "direct[ing] all of its correspondence" to counsel "throughout the administrative claims process and acknowledg[ing] throughout that he was the legal representative during this process for Kaktis Carlson." Id.

## II.   The Government's Motion for Reconsideration

The Government now moves for reconsideration of the denial. Doc. 28. The Federal Rules of Civil Procedure do not address a "motion for reconsideration." These motions are typically construed under either Rule 59 or 60, depending on context. Spinar v. South Dakota Bd. of Regents, 796 F.2d 1060, 1062 (8th Cir. 1986) (citation omitted). But reconsideration of an interlocutory order may only be brought under Rule 54(b). Julianello v. K-V Pharm. Co., 791 F.3d 915, 923 n.3 (8th Cir. 2015). The Government moves for reconsideration under Rules "54(b) and/or 59(e)." Doc. 28. Rule 59(e) concerns a "motion to alter or amend a judgment." As there has been no judgment entered in this matter, the Court properly construes the motion to reconsider under Rule 54(b).

Rule 54(b) recognizes the Court's "inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." K.C. 1986 L.P. v. Reade Mfg., 472 F.3d 1009, 1016–17 (8th Cir. 2007) (quoting Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co., 48 F.3d 1066, 1070 (8th Cir. 1995)). "A district court has wide discretion over whether to grant a motion for reconsideration of a prior order." SPV-LS, LLC v. Transamerica Life Ins. Co., 912 F.3d 1106, 1111 (8th Cir. 2019) (citing In re Charter Commc'ns, Inc., Sec. Litig., 443 F.3d

987, 993 (8th Cir. 2006)). Only abuse of that discretion, manifested by "clearly erroneous factual findings or erroneous legal conclusions," will warrant reversal of the Court's decision on reconsideration. Id. (citations omitted). Reverse engineering that standard, the Court will grant a Rule 54(b) motion to reconsider if the movant convinces the Court that it made a mistake of law or a clearly erroneous finding of fact in its previous order. A motion to reconsider is not the vehicle to audition new legal arguments, id., but "[a] litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action." Kontrick v. Ryan, 540 U.S. 443, 455 (2004). Absent any of the above justifications, the Court is "inclined to give deference to rulings by a former judge in the same case on the same record." Van-S-Aviation v. Piper Aircraft Corp., 101 F.R.D. 759, 762 (W.D. Mo. 1984).[1]

The Government argues "[t]he Court erred in failing to apply mandatory Eighth Circuit precedent and should have dismissed Kaktis's negligence claim because it was not properly presented within the statute of limitations." Doc. 29 at 5.

In support, the Government first points to Runs After v. United States, a case where "like here," the Government states, "the plaintiff failed to provide timely evidence of his or her legal authority over a minor child." Id. at 8 (citing No. CIV 10-3019-RAL, 2012 WL 2951556 (D.S.D. July 19, 2012)).

In Runs After, a minor was listed as a claimant on the Standard Form 95 and two attorneys were listed as personal representatives. 2012 WL 2951556, at *2. Counsel signed the form as "James Cerney Attorney for minor child." Id. (citation omitted). Counsel was sent a letter requesting evidence of authority, which "generally consists of a fully executed representation agreement." Id. (citation omitted). That agreement, signed by the two attorneys

---

[1] The Honorable Lawrence L. Piersol issued the initial opinion denying the motion to dismiss. Colombe, 2025 WL 2166908. Thereafter, this matter was reassigned to the undersigned. See unnumbered entry before Doc. 26.

and the minor's grandmother, as the legal custodian of the minor, was sent to the Government. Id. The Government denied the claim for not receiving "documentation evidencing that Ms. Runs After [was] the legal custodian of [the minor]." Id.

Following Mader, the court held that the attorney agreement was only "indicative of Cerney's authority to represent Runs After," but did "not establish that either Runs After or Cerney had authority to bring an FTCA claim on behalf of [the minor]." Id. at *7. And because Runs After had not evinced her authority to bring a suit on behalf of her grandchild, the court dismissed the case for want of subject matter jurisdiction. Id. at *1, 8. The Eighth Circuit affirmed on the narrow question of whether "the district court should have created an extenuating circumstances exception to 28 C.F.R. § 14.2's presentment requirement." After v. United States, 511 F. App'x 596, 597 (8th Cir. 2013) (per curiam).

The Government's second citation is to Trottier v. United States, where parents filed a claim on behalf of their child and included "a sworn affirmation, where the Trottiers merely confirmed their status as parents and guardians." No. 3:21-cv-93, 2021 WL 5237287, at *3 (D.N.D. Nov. 10, 2021); see Doc. 29 at 9. Because "[u]nder North Dakota law, proof of court-appointed guardianship [was] required for minors to enforce their rights by civil actions," that sworn affirmation was insufficient evidence of authority, and the court granted the Government's motion to dismiss for lack of subject matter jurisdiction. Trottier, 2021 WL 5237287, at *3–4 (citations omitted).

The Government distinguishes Sleighter, which this Court relied on in denying the motion to dismiss, because in that case, the court considered the representation of an adult client. Doc. 29 at 11. The Government argues that whether it is a mother or an attorney bringing a claim on behalf of a minor, under SDCL § 26-1-3, the minor may never "advance litigative or

7

legal interests" without a "guardianship or conservatorship." Doc. 29 at 11; see Doc. 33 at 5. And a guardian or conservator under § 26-1-3 "must be appointed." Doc. 29 at 12 (quoting § 26-1-3).

In Beermann v. Beermann, a minor sought a temporary protection order against her father. 559 N.W.2d 868, 869 (S.D. 1997). The South Dakota Supreme Court confirmed the law that "a minor may bring a civil action, so long as a guardian or conservator is appointed." Id. at 870 (citing SDCL § 26-1-3). The court recognized an apparent exception to that rule, SDCL § 25-5-16, which "appears to" allow minors to bring an action independently in situations of parental abuse. Id. at 871 & n.1. But this Court is unaware of, and the parties do not alert the Court to, any exception to § 26-1-3 allowing a minor to independently sue for negligence.

Plaintiffs, in response, argue generally that the Government "fails to establish any need for an extraordinary judicial remedy nor the need for any relief on its putative merits." Doc. 30 at 7. Plaintiffs aggregate the reasons courts may choose to reconsider under various rules and argue that reconsideration is inappropriate here because:

> (1) this Court did not issue any clearly or manifestly erroneous findings of fact or conclusions of law; (2) the Defendant does not present newly discovered or previously unavailable evidence; (3) the motion is not necessary to prevent manifest injustice, (4) there is no claimed intervening change in controlling law; (5) this Court clearly did not misunderstand the Government's rejected arguments and authorities; and (6) this Court's challenged interlocutory order was not plainly outside the adversarial issues.

Id. (citation modified).

Plaintiffs argue that the instant motion should not be a sounding board to relitigate the merits of the Government's losing argument. Id. at 8. On a similar tack, Plaintiffs invoke the law-of-the-case doctrine. Id. at 8–9.

The Court disagrees that the argument now before it is the same as the one previously considered. In the Government's denied motion to dismiss, the argument centered on Colombe's inability to bring a claim on behalf of Kaktis without a guardianship or conservatorship. See Doc. 8 at 9–10; Doc. 23 at 6–7. Here, the Government argues both Colombe's and Attorney Zephier's inability to bring a claim on behalf of Kaktis without a guardianship or conservatorship. Doc. 29 at 11; see Doc. 33 at 5.

Because the Government's modified argument attacks subject-matter jurisdiction, the Court is compelled to consider it. Kontrick, 540 U.S. at 455. In doing so, the Court is persuaded that under South Dakota law, neither Colombe nor Zephier had authority to bring a claim on behalf of Kaktis until Colombe was granted guardianship on September 27, 2022. SDCL § 26-1-3; Doc. 9-2 at 9.

But although Kaktis' claim was deficiently presented before the appointment of his guardian, the deficiency was cured once Zephier mailed Interior a copy of Colombe's court-appointment on October 14, 2022. At that point, Kaktis' "jurisdictional presentment requirement" was satisfied. Mader, 654 F.3d at 798 (citing Lunsford v. United States, 570 F.2d 221, 225–26 (8th Cir. 1977)). After all, the jurisdictional command of Mader concerns "conformity with § 2675(a)." Id. at 808. As pertinent here, conformity with that statute "include[s] evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law." Id. at 803.

Nothing about Mader suggests that Kaktis' claim was forever barred for being filed incorrectly once. On the contrary, in Mader, after a widow filed a claim on behalf of her deceased husband, "the VA sent Ms. Mader's lawyer a letter requesting evidence of Ms. Mader's status as personal representative [of her husband's estate]." Id. at 798–99. After no response,

"[t]he VA later telephoned Ms. Mader's counsel at least four times asking for the information." Id. at 799. "[T]he VA denied the claim in writing due to Ms. Mader's repeated failure to submit the required authority evidence. In the alternative, the VA denied the claim on its merits." Id. The reason the court in Mader lacked subject matter jurisdiction was because Ms. Mader, despite myriad opportunities, never cured what was deficient about her claim. And so, she did not effectuate presentment under § 2675(a). Id. at 799–808.

This is not to say that Mader jurisdiction hinges on whether an agency requests the missing documentation. In Pretends Eagle v. United States, an agency never alerted two claimants that their FTCA claims required, but lacked, evidence of their status as personal representatives of several deceased family members. 692 F. Supp. 3d 864, 867, 869–71, 874–79 (D.S.D. 2023). Those claimants filed suit without ever submitting that evidence, and the Government moved for dismissal for lack of subject matter jurisdiction. Id. at 867, 876. The court held that "[t]he failure of the Tort Practice Branch to request proof of authority" neither waived the necessity of that evidence nor "preclude[d] the United States from . . . arguing that Plaintiffs failed to meet their [jurisdictional] burden." Id. at 878. The onus was on the claimants to ensure the evidence was presented either "as part of their SF95 or *supplements*." Id. (emphasis added). Because they did neither, Mader required the court to dismiss the case for lack of jurisdiction. Id. at 879.

The situation here is different. When Interior rejected Kaktis' claim the first time, it was because "it [was] not accompanied by any evidence that Lisa Colombe [had] authority to bring the claim on behalf of Kaktis Carlson." Doc. 9-1 at 1. The denial letter stated, "[b]ecause of this deficiency, the claim . . . is invalid as presented and we will treat this claim as never received." Id. After receiving the denial, Colombe sought out and received appointment as Kaktis' guardian

and submitted to Interior evidence of that guardianship, along with counsel's representation agreement. Doc. 9 ¶¶ 3–5; Doc. 9-1 at 1; Doc. 9-2 at 1, 9–12. Interior then denied Kaktis' claim a second time. Doc. 1-3 at 15. In its second denial, rather than citing Colombe's lack of evidence of authority, the letter stated, "we cannot determine the United States is liable under the FTCA or South Dakota law." Id. And rather than stating "we will treat this claim as never received," it instructed Kaktis that he could either request reconsideration or file suit in federal court "[i]f you disagree with this final denial." Id.

Those first and second denial letters demonstrate Interior's evolving perspective as to Kaktis' claim. Nowhere in the first rejection letter was the phrase "final denial" used. See generally Doc. 9-1. After Colombe submitted evidence of her guardianship, the agency conducted "a complete review of the claim file" and issued a "final denial." Doc. 1-3 at 15. Section 2675(a) deprives a court of jurisdiction over an FTCA claim "unless [1] the claimant shall have first presented the claim to the appropriate Federal agency and [2] his claim shall have been finally denied by the agency in writing." A comparison of the communications between Plaintiffs and Defendant before and after submission of proof of Colombe's guardianship confirms that Kaktis cleared § 2675(a)'s procedural hurdles before filing this suit.

It does not matter that Colombe "did not attain said authority until two months after the statute of limitations had passed." Doc. 29 at 3 (citation omitted); see 28 U.S.C. § 2401(b). The Government makes a separate argument that the untimeliness of Kaktis' claim is "independently fatal." Doc. 29 at 13. In support, the Government quotes Allen v. United States for the proposition that a court lacks "jurisdiction over an FTCA claim unless it was first presented to the appropriate federal agency within two years of when the claim accrued." Id. at 14 (quoting 590 F.3d 541, 544 (8th Cir. 2009)) (citation modified).

In United States v. Kwai Fun Wong, the Supreme Court considered whether the time limits in 28 U.S.C. § 2401(b) are jurisdictional. 575 U.S. 402, 405 (2015). There, a petitioner presented her claim to the Federal Highway Administration five years after her claim accrued. Id. at 406–07. Because of the untimeliness, the district court dismissed her case for lack of jurisdiction. Id. at 407. The Supreme Court granted certiorari "to resolve a circuit split about whether courts may equitably toll §2401(b)'s two time limits." Id. It held that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." Id. at 420. That holding dictates the result here.

Katkis Carlson properly presented his FTCA claim to Interior once he mailed evidence of Lisa Colombe's authority to present a claim on his behalf as guardian. The timing of the presentment is of no consequence to this Court's jurisdiction. To the extent Allen is at odds with Kwai Fun Wong, the Supreme Court's precedent must control.

### III.    Order

For the above reasons, and the record as it now exists before the Court, it is hereby

ORDERED that the United States' Motion to Reconsider Denial of United States' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1), Doc. 28, is denied.

DATED this 3rd day of November, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE